UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DAVID RAOUL,

               Plaintiff,                       **MEMORANDUM & ORDER**

       - against -                          14-CV-1787 (RRM)(CLP)

CITY OF NEW YORK POLICE DEPARTMENT;
FEDERAL BUREAU OF INVESTIGATION;
CENTRAL INTELLIGENCE AGENCY; STATE
OF NEW YORK; and UNITED STATES OF
AMERICA,

               Defendants.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff David Raoul filed this *pro se* complaint on March 19, 2014.[1] On April 11, 2014, the State of New York filed a letter requesting that the Court *sua sponte* dismiss the complaint or, in the alternative, hold a pre-motion conference in anticipation of a contemplated motion to dismiss. (*See* Doc. No. 8.) The City of New York Police Department ("NYPD") also requested a pre-motion conference on April 14, 2014, seeking leave to file a motion to dismiss. (*See* Doc. No. 10.) Out of an abundance of caution, the Court directed Raoul to respond to the requests for dismissal. On April 18, 2014, Raoul filed a letter asserting that his claims were adequately pled and emphasizing that his complaint was not brought under the *in forma pauperis* statute.[2] (*See* Doc. No. 12.)

      On May 24, 2014, the United States filed a letter requesting that the Court *sua sponte* dismiss the complaint or, in the alternative, grant it leave to move to dismiss the complaint. (*See*

---

[1] Raoul paid the requisite filing fee and does not seek *in forma pauperis status* under 28 U.S.C. § 1915.

[2] This fact is relevant because, as the State and the NYPD point out, Chief Judge Loretta A. Preska dismissed a strikingly similar action filed *in forma pauperis* by Raoul in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Raoul v. City of New York Police Dep't, et al.*, No. 14-CV-680 (LAP), Doc No. 5 (S.D.N.Y. Feb. 27, 2014).

Doc. No. 17.) On June 6, 2014, the Court deemed that letter to be a motion to dismiss, ordered the letter to be served on Raoul, and directed Raoul to file any opposition thereto by July 27, 2014.[3] Raoul filed his opposition on July 16, 2014. (*See* Doc. No. 31.) The State and the NYPD also proceeded to file fully-briefed motions to dismiss on June 9, 2014, and July 21, 2014, respectively.[4] (*See* Doc. Nos. 19, 32.) Raoul opposed both of those motions as well. (*See* Doc. Nos. 18, 37.) For the reasons explained below, the complaint is dismissed.[5]

## BACKGROUND

At the outset, the Court acknowledges that *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008), and reads Raoul's *pro se* complaint liberally, interpreting it to raise the strongest arguments that it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009). Moreover, at this stage of the litigation, the Court assumes the truth of all well-pleaded, nonconclusory factual allegations in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 962 F. Supp. 2d 472, 474 (E.D.N.Y. 2013). But despite this special solicitude, Raoul is still required to plead sufficient facts to state a claim that is plausible on its face. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the

---

[3] The Court had originally directed Raoul to file his opposition on or before June 27, 2014. On June 23, 2014, however, the Court granted Raoul's request for an extension of time to respond, (Doc. No. 26), until July 27.

[4] Although the State of New York had already filed a fully-briefed motion to dismiss on May 14, 2014, (*see* Doc. No. 13), counsel re-filed the motion on June 9, 2014, because he had failed to comply with this Court's Individual Rules.

[5] The appearing defendants' motions are therefore either granted or rendered moot. It is unclear whether the remaining defendants named in this action, the Federal Bureau of Investigation and the Central Intelligence Agency, were properly served. (*See* Doc. Nos. 5, 7.) The United States maintains, however, that "[b]y operation of law, the United States should be substituted for [the] named defendants FBI and CIA." (Doc. No. 17 at 1.) In any event, because the Court finds that Raoul has failed to state a plausible claim, the complaint is dismissed as to those defendants as well.

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Raoul's complaint alleges a wide-ranging conspiracy by the State of New York, the New York Police Department, the Federal Bureau of Investigation, the Central Intelligence Agency, and the United States, which began as early as 2004 and continues unabated to this day. (Compl. (Doc. No. 1) ¶ 1a–1d.) According to the complaint, defendants have engaged in a campaign to "covertly kill, and damage and destroy the plaintiff['s] quality of life" through myriad means, including "covertly and overtly harassing, sabotaging, torturing, damaging, and assaulting the plaintiff . . . constantly 24 hours[,] 7 days a week without sign of stoppage." (*Id.* ¶ 1.) This conspiracy was allegedly perpetrated through "proxy personal [*sic*] . . . consisting of various groups of people and persons working in teams to conduct their assault on the plaintiff . . . [to] give the illusion to the plaintiff that the assault is coming from some private, or third party civilian group." (*Id.* ¶ 1c.)

Raoul also claims that "[a]nother main component of the defendants['] assault was the use of devices, equipment, or technologies, that would produce and project artificial phenomen[a]," which allegedly "beamed, focused or projected sound and voices on the plaintiff to harass, torture him"; "deprived plaintiff of sleep, privacy, and freedom of cognition"; and "literally hijacked every aspect of the plaintiff[']s life." (*Id.* ¶¶ 1e, 1h.) Raoul insists that "[t]his is a psychological warfare operation" that "is currently going on as you [the Court] read this." (*Id.* ¶ 1.)

## DISCUSSION

Defendants have moved to dismiss on numerous bases. As an initial matter, however, both the United States and the State of New York urge this Court to dismiss Raoul's complaint

as frivolous. (*See* Doc. Nos. 8, 17.) A finding of frivolousness "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Mendlow v. To be Named After Discovery Unknown Gov't Agencies*, 152 F.3d 919 (2d Cir. 1998). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,'" *Denton*, 504 U.S. at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), a high bar satisfied only by claims that "are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32–33). After carefully reviewing both the complaint and Raoul's responses to defendants' motions, the Court concludes that this action must be dismissed on this basis.[6]

## I. Facial Plausibility

Raoul's allegations are facially implausible and render this action factually frivolous. Even affording his *pro se* complaint the most liberal reading possible, the allegations therein can only be described as clearly baseless. Raoul's claims are based purely on wide-ranging, incoherent allegations of a massive conspiracy by numerous federal, state, and local government entities to persecute him through tactics ranging from aerial drone surveillance to messages beamed directly into his mind. These claims are "fanciful," "fantastic," and "delusional," *Gallop*, 642 F.3d at 368, and they do not state a plausible claim for relief.[7]

---

[6] The Court notes that Chief Judge Preska reached the same conclusion in a case previously filed by Raoul. *See generally Raoul*, No. 14-CV-680 (LAP), Doc No. 5. Although Raoul somewhat amplified the claims in this complaint and paid the paid the filing fee rather than proceed *in forma pauperis*, the allegations here are substantially unaltered from those in the prior action. Raoul is thus cautioned that dismissal by a court in one district is not an invitation to refile the same action in another.

[7] Because it concludes that the complaint is factually frivolous, the Court need not consider the State of New York's additional arguments that Raoul's claims are barred by sovereign immunity, *res judicata*, collateral estoppel, and the statute of limitations applicable to 42 U.S.C. § 1983. (*See generally* Doc. No. 22.) Nor must the Court address the NYPD's additional arguments that Raoul failed to name a suable entity, to comply with notice of claim procedures, or adequately to plead municipal liability. (*See generally* Doc. No. 35.)

4

Nor does the fact that Raoul paid the filing fee in this case prevent dismissal. "[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee . . . ." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Bliven v. Hunt*, 418 F. Supp. 2d 135, 137 (E.D.N.Y. 2005) (citing *Mallard* and *Fitzgerald* and concluding that "[t]he Court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee"). The Court therefore dismisses the complaint as to all defendants.

## II. Leave to Amend

Generally, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). However, "[t]he problem with [Raoul]'s causes of action is substantive . . . [and] better pleading would not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In particular, even under the liberal standard afforded to *pro se* pleadings, Raoul's irrational allegations are facially implausible. Leave to amend is therefore denied as futile. *Id.*; *see also Utreras v. Chicago Title Ins. Co.*, No. 12-CV-04766 (RRM) (LB), 2013 WL 4700564 (E.D.N.Y. Sept. 1, 2013).

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss (Doc. Nos. 17, 19, 32) are granted and the complaint is dismissed as to all defendants. The Clerk of Court is directed to enter Judgment accordingly, and to close this case.

The Clerk of Court is further directed to transmit a copy of this Memorandum and Order, together with the accompanying Judgment, to Raoul via U.S. mail and to note the mailing on the docket.

Although Raoul did not seek to proceed *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       March 6, 2015

ROSLYNN R. MAUSKOPF
United States District Judge